FILED
United States Court of Appeals
Tenth Circuit

December 3, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSE ROBERTO
MARTINEZ-CARBAJAL,

        Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 12-9512
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Petitioner Jose Roberto Martinez-Carbajal, a native and citizen of El Salvador,

petitions for review of a final order of the Board of Immigration Appeals (BIA)

denying his application for asylum and restriction on removal under the Immigration

and Nationality Act, and request for protection under the United Nations Convention

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

I.

Accompanied by his wife and children, petitioner illegally entered the United States in 2002. In August 2007, he was placed in removal proceedings. He conceded removability and filed for asylum, restriction on removal, and protection under the CAT.

At his February 2010 merits hearing before an immigration judge (IJ), petitioner testified that from 1984 through 1985, he served in El Salvador's National Guard. Petitioner first came to the United States in 1993 because a year or two earlier, he had received "anonymous writings or documents that they place under my door, which they say that we're coming to kill you." Admin. R. at 138. As to the messages, petitioner admitted: (1) his name did not appear on them; (2) he could not recall the details contained in them; (3) they did not mention his service in the National Guard; and (4) he did not know who sent them. By 1995, petitioner decided that the threat had passed, and he returned to El Salvador.

After he returned to El Salvador and sometime before 2002, petitioner received "two more anonymous threats that were similar from the ones that I received before." *Id*. at 142. But like the previous threats, petitioner did not know who sent the messages nor did they mention his service in the National Guard. Still, he remained in El Salvador for the next two years before returning to the United States in 2002.

- 2 -

While he was in removal proceedings, petitioner's uncle who lives in El Salvador, allegedly received a letter threatening to harm petitioner. According to petitioner, the letter had his name on it, but once again, petitioner had no information as to who sent the letter or any of the details contained therein.

In an effort to link the threats to guerilla forces, petitioner testified that in the early 1980's, his cousin tried to recruit him to join the guerillas, but petitioner instead joined the National Guard. He also testified about the murders of two friends with whom he served in the National Guard, one of whom was shot and the other stabbed. According to petitioner, they too had received anonymous threats. However, he did not know who killed them or have any information linking their deaths to their military service. Although petitioner admitted that the guerillas had never physically harmed him or his family, and he did not know whether they even knew about his service with the National Guard, he did not think El Salvador was a safe place to live because of "groups of gangs." *Id*. at 145. According to petitioner, the gangs are populated by former guerillas who hold a grudge against people who served in the National Guard.

The IJ denied petitioner's request for relief. The IJ believed petitioner's testimony that: (1) he served in the National Guard; (2) he had received some death threats; and (3) two men he served with in the military had received similar threats and were later murdered. But in addition to concluding that the threats did not rise to the level of persecution, the IJ noted the lack of evidence tying these incidents to

petitioner's membership in a particular social group or to his political opinion. More specifically, the IJ cited the absence of any evidence as to who made the threats or that they were connected to petitioner's military service. Also, the IJ noted that petitioner did not have any of the letters to submit as evidence. As to petitioner's claim for protection under the CAT, the IJ also noted the lack of any evidence that petitioner would be tortured by the government or someone working on its behalf if he returned to El Salvador.

The BIA dismissed petitioner's appeal. It agreed with the IJ that petitioner "did not meet his burden of proving that he suffered past persecution or has a well-founded fear of persecution on account of one of the grounds enumerated in the [Immigration and Nationality] Act." *Id*. at 2. It noted that petitioner "surmised that he received threatening letters due to his former military service, but was not sure, and the letters did not refer to his status as a prior military member." *Id*. Moreover, "[h]e also did not have any of the letters to submit as evidence, including the one his uncle received in 2008." *Id*. at 3. As such, the BIA concluded that "there is no clear error in the Immigration Judge's determination that the evidence did not establish that the authors of the threats were motivated to harm the [petitioner], as one 'central reason,' based on his actual or imputed political opinion, his membership in a

particular social group, or any other protected ground," *id*. (citing *Matter of J-B-N- & S-M-*, 24 I. & N. Dec. 208 (BIA 2007)).[1]

## II.

To be eligible for a discretionary grant of asylum, petitioner had to show that he "suffered past persecution or has a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005) (footnote omitted) (internal quotation marks omitted). "Persecution is the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive, and requires more than just restrictions or threats to life and liberty." *Id*. (internal quotation marks omitted). But "[e]ven without past persecution, [an applicant can] still qualify for asylum by establishing a well-founded fear of future persecution." *Id*. at 1281 (internal quotation marks omitted). The fear "must be both subjectively genuine and objectively reasonable." *Id*.

"The showing required for [restriction on] removal is more stringent tha[n] the showing required for asylum." *Zhi Wei Pang v. Holder*, 665 F.3d 1226, 1233 (10th Cir. 2012). To be eligible for restriction on removal, "an applicant must demonstrate that there is a clear probability of persecution because of his race,

---

[1] A single member of the BIA affirmed the IJ's decision in a brief order. We therefore review the BIA's decision and are free to "consult[] the IJ's more complete explanation of those same grounds." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

religion, nationality, membership in a particular social group, or political opinion."

*Id*. (internal quotation marks omitted). And to be eligible for protection under the

CAT, "an individual must establish that it is more likely than not that he or she would

be tortured if removed to the proposed country of removal." *Id*. at 1233-34 (internal

quotation marks omitted).

We decide legal questions de novo and look to see if the agency's findings of

fact are supported by substantial evidence. *Ritonga v. Holder*, 633 F.3d 971, 974

(10th Cir. 2011). "[W]hether an alien has demonstrated persecution is a question of

fact." *Id*. (ellipsis omitted) (internal quotation marks omitted). We are bound by the

agency's findings of fact "unless any reasonable adjudicator would be compelled to

conclude to the contrary." *Id*. (internal quotation marks omitted).[2]

### III.

Our analysis is brief. There is no evidence of persecution. Persecution

requires more than threats, and in any event, must be on account of a protected

ground such as membership in a particular social group or political opinion.

*Tulengkey*, 425 F.3d at 1280. There is no such evidence in this case. What

petitioner is really asking this court to do is to reweigh the evidence and determine

---

[2]     Petitioner argues for reversal on the grounds that the BIA "failed to apply the clearly erroneous stand of review to the [IJ's] decision." Pet'r Opening Br. at 9. According to petitioner, "the case should be remanded to cure the clear procedural defect effectuated by the [BIA]." *Id*. at 15. There was no error, however, because the BIA reviewed the IJ's findings of fact under a clearly erroneous standard. Admin. R. at 2.

that he demonstrated a well-founded fear of future persecution. This we cannot do. "It is not our prerogative to reweigh the evidence. . . . We only determine whether a reasonable factfinder could find that [the petitioner] did not have a reasonable fear of [] persecution. Indeed, we only reverse that finding if a 'reasonable adjudicator would be compelled to conclude to the contrary.'" *Sidabutar v. Gonzales*, 503 F.3d 1116, 1125 (10th Cir. 2007) (internal quotation marks omitted). Petitioner's evidence does not meet this test.

The sum total of petitioner's argument concerning his request for protection under the CAT is: "The record shows that it is more likely than not that the Petitioner would be tortured if he returns to El Salvador. 8 C.F.R. §1208.16(c)(2)." Pet'r Opening Br. at 19. Setting aside the fact that there are no references to the record, this single, conclusory sentence is insufficient appellate argument, and petitioner has waived review of this issue. *See, e.g., Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . .").

The petition for review is DENIED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

- 7 -